UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALITY

CASE NO: 1:20-cv-23338

**J.A.L., a minor by and through her**
**Natural Parent and Legal Guardian**
**ANGELIKA JEAN LOPEZ**,

    Plaintiff,

v.

**CARNIVAL CORPORATION, individually**
**and d/b/a CARNIVAL CRUISE LINES,**
**a foreign corporation,**

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, J.A.L., a minor, by and through her Natural Parent and Legal Guardian, ANGELIKA JEAN LOPEZ, by and through the undersigned attorneys and files her Complaint against Defendant, CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, a foreign corporation, and states:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. At all material times, Plaintiff, J.A.L., a minor, and her Natural Parent and Legal Guardian, ANGELIKA JEAN LOPEZ, were residents of Corpus Christi, Nueces County, Texas.

3. At all material times, Defendant, CARNIVAL CORPORATION, is and was a foreign corporation licensed to conduct business in the State of Florida, and did conduct business

1

in Florida as CARNIVAL CRUISE LINES, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the M/V *Carnival Dream*.

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida, and Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida, Miami Division, under the terms of the cruise ticket contract tendered by Defendant to Plaintiff. A copy of said cruise ticket is in the possession of CARNIVAL CRUISE LINES.

6. On or about August 19, 2019, Plaintiff, J.A.L., was injured aboard Defendant's vessel, the M/V *Carnival Dream*, during a cruise which originated in, and returned to, Cape Canaveral, Florida.

7. At all times material hereto, while Plaintiff, J.A.L., was aboard Defendant's vessel, she was a fare paying passenger and business invitee of Defendant.

8. Upon information and belief, Defendant's, CARNIVAL CRUISE LINES, crewmembers have a regular duty to inspect the public areas aboard CARNIVAL CRUISE LINES' vessels, including the Carnival Waterworks on Deck 12 of Defendant's vessel, the M/V *Carnival Dream*.

9. On or about August 19, 2019, Plaintiff, J.A.L., was in the Carnival Waterworks area, specifically, on the 'DrainPipe' attraction when she was violently tossed about inside the 'DrainPipe' causing severe injury to J.A.L.'s face and mouth.

10. Plaintiff, J.A.L., was seriously injured as a result of the incident in the Carnival Waterworks area on Deck 12 of Defendant's vessel, the M/V *Carnival Dream*.

## COUNT I - NEGLIGENCE

11. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, CARNIVAL CRUISE LINES's, vessel, the M/V *Carnival Dream*, Defendant owed a "duty to exercise reasonable care for the safety of its passengers," including Plaintiff herein. *See, Hall v. Royal Caribbean Cruises, Limited,* 2004 WL 1621209 (Fla. 3d DCA 2004). Defendant also owed a 'duty to exercise reasonable care under the circumstances.' *See, Harnesk v. Carnival Cruise Lines, Inc.,* 1991 WL 329584 (S.D. Fla. 1991).

12. Defendant's duty to maintain all areas and features of the subject vessel, including the Waterworks area on Deck 12 of Defendant's vessel, the M/V *Carnival Dream*, is part of Defendant's duty of reasonable care under the circumstances. The duty to maintain all areas and features of the subject vessel, including Waterworks area on Deck 12, includes a duty to regularly inspect, maintain, and repair the Waterworks area on Deck 12, specifically the 'DrainPipe' slide.

13. Plaintiff, CARNIVAL CRUISE LINES, breached its duty to Plaintiff by:

    a. Failing to provide a reasonably safe means of using the Waterworks area on Deck 12, specifically the 'DrainPipe' slide, on Defendant's vessel, the M/V *Carnival Dream*;

    b. Allowing a dangerous condition(s) to exist upon its vessel attractions where passengers are specifically invited. To wit; the defective, damaged, poorly maintained, poorly designed, and dangerous Waterworks area on Deck 12, specifically the 'DrainPipe' slide, on Defendant's vessel, the M/V *Carnival Dream*;

    c. Failing to warn passengers, including Plaintiff, of the hidden or latent dangerous condition(s). To wit; the defective, damaged, poorly maintained, poorly designed, and dangerous Waterworks area on Deck 12, specifically the 'DrainPipe' slide, on Defendant's vessel, the M/V *Carnival Dream*;

    d. Failing to avoid, eliminate, and correct the dangerous condition(s) on its vessel. To wit; the defective, damaged, poorly maintained, poorly designed, and dangerous Waterworks area on Deck 12, specifically the 'DrainPipe' slide, on Defendant's vessel, the M/V *Carnival Dream*;

    e. Failing to provide or direct adequate crew to maintain the Waterworks area on Deck 12, specifically the 'DrainPipe' slide, on Defendant's vessel, the M/V *Carnival Dream*;

    f. Providing negligent emergency assistance which aggravated Plaintiff's injuries; and

    g. Other acts of negligence yet to be discovered.

14. Additionally, at all times material hereto, while Plaintiff was a passenger aboard Defendant's, CARNIVAL CRUISE LINES, vessel, the M/V *Carnival Dream*, Defendant had a duty to warn its passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

15. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition and failed to correct the condition; and/or (c) had constructive knowledge of the dangerous condition where, upon information and belief, the Defendant's crewmembers were charged with regularly inspecting, maintaining, designing, and repairing the Waterworks area on Deck 12, specifically the 'DrainPipe' slide, on Defendant's vessel, the M/V *Carnival Dream*.

16. Defendant failed to warn Plaintiff, J.A.L. or her Mother, ANGELIKA JEAN LOPEZ, of the dangerous conditions about which Defendant, CARNIVAL CRUISE LINES, knew or should have known in the exercise of reasonable care.

17. As a proximate result of Defendant's negligent failure to maintain that portion of the stairway area, and Defendant's failure to warn Plaintiff of the dangerous conditions about which it knew or should have known on or about August 17, 2019, Plaintiff, J.A.L.,

severely injured her body.

18. Defendant's negligence created a hazardous condition to its passengers, and to Plaintiff, and was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, or that such incidents occur with such frequency on that deck's Waterworks area and other similar Waterworks areas of Defendant's, CARNIVAL CRUISE LINES, vessels so as to constitute prior notice to Defendant, CARNIVAL CRUISE LINES, of that condition.

19. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting incident, Plaintiff, J.A.L., suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, J.A.L., a minor, by and through her Natural Parent and Legal Guardian, ANGELIKA JEAN LOPEZ, demands judgment against Defendant, CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, a foreign corporation, for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

20. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, CARNIVAL CRUISE LINES, vessel, the M/V *Carnival Dream*, Defendant owed a "duty to exercise reasonable care for the safety of its passengers," including Plaintiff herein. *See, Hall v. Royal Caribbean Cruises, Limited,* 2004 WL 1621209 (Fla. 3d DCA 2004). Defendant also owed a 'duty to exercise reasonable care under the circumstances.' *See,*

*Harnesk v. Carnival Cruise Lines, Inc.,* 1991 WL 329584 (S.D. Fla. 1991).

21. Defendant's duty to maintain all areas and features of the subject vessel, including the Waterworks area on Deck 12 of Defendant's vessel, the M/V *Carnival Dream*, is part of Defendant's duty of reasonable care under the circumstances. The duty to maintain all areas and features of the subject vessel, including Waterworks area on Deck 12, includes a duty to regularly inspect, maintain, and repair the Waterworks area on Deck 12, specifically the 'DrainPipe' slide.

22. Upon information and belief, Defendant's, CARNIVAL CRUISE LINES, crewmembers failed to inspect, maintain, repair, properly design, and otherwise maintain the Waterworks area on Deck 12, specifically the 'DrainPipe' slide of Defendant's vessel, the M/V *Carnival Dream*.

23. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition through prior history of inspecting, cleaning, repairing, and maintaining the Waterworks area on Deck 12 and/or had employees charged with regularly inspecting, cleaning, repairing, and maintaining the stated area.

24. As a proximate result of Defendant's negligent failure to maintain that portion of the Waterworks area on Deck 12 on or about August 17, 2019, Plaintiff, J.A.L., severely injured her body.

25. Defendant's negligence created a hazardous condition to its passengers, and to Plaintiff, and was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, or that such incidents occur with such frequency on that deck's Waterworks area and other similar Waterworks areas of Defendant's,

CARNIVAL CRUISE LINES, vessels so as to constitute prior notice to Defendant, CARNIVAL CRUISE LINES, of that condition.

26. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting incident, Plaintiff, J.A.L., suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, J.A.L., a minor, by and through her Natural Parent and Legal Guardian, ANGELIKA JEAN LOPEZ, demands judgment against Defendant, CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, a foreign corporation, for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT III – NEGLIGENT FAILURE TO WARN

27. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, CARNIVAL CRUISE LINES, vessel, the M/V *Carnival Dream*, Defendant had a duty to warn its passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

28. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

29. Defendant breached its duty and failed to warn Plaintiff, J.A.L. or her Mother, ANGELIKA JEAN LOPEZ, of the dangerous conditions about which Defendant, CARNIVAL CRUISE LINES, knew or should have known in the exercise of reasonable care, in that, such

incidents occur with such frequency on that deck's Waterworks area and other similar Waterworks areas of Defendant's, CARNIVAL CRUISE LINES, vessels so as to constitute prior notice to Defendant, CARNIVAL CRUISE LINES, of that condition.

30. As a proximate result of Defendant's negligent failure to warn Plaintiff of the dangerous conditions about which it knew or should have known on or about August 17, 2019, Plaintiff, J.A.L., was violently tossed about in the 'DrainPipe' and severely injured her body.

31. Defendant's failure to act created a hazardous condition to its passengers, and specifically to Plaintiff, and such condition was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, or that such incidents occur with such frequency on that deck's Waterworks area and other similar Waterworks areas of Defendant's, CARNIVAL CRUISE LINES, vessels so as to constitute prior notice to Defendant, CARNIVAL CRUISE LINES, of that condition.

32. As a direct and proximate result of Defendant's negligent failure to warn Plaintiff of a dangerous condition about which it knew or should have known and Plaintiff's resulting incident, Plaintiff, J.A.L, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, J.A.L., a minor, by and through her Natural Parent and Legal Guardian, ANGELIKA JEAN LOPEZ, demands judgment against Defendant, CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, a foreign corporation, for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court

deems just and demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 11th day of August 2020.

                                          Frank D. Butler, Esq.
                                          FBN:  940585
                                          fdblawfirm@aol.com
                                          Kelly Ann L. May, Esq.
                                          FBN:  59286
                                          kmay@fightingforfamilies.com
                                          Frank D. Butler, P.A.
                                          10550 US Highway 19 North
                                          Pinellas Park, FL 33782
                                          Phone: 727-399-2222
                                          Fax: 727-399-2202
                                          Service: courtdocserve@fdblawfirm.com
                                          Secondary:jseigler@fightingforfamilies.com
                                          *Attorneys for Plaintiff*

                                          ***/s/ Kelly Ann L. May, Esquire***
                                          Kelly Ann L. May, Esq.